UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RELIANCE MEDIAWORKS (USA) INC.,
(a/k/a ADLABS FILMS USA, INC.)
A New Jersey Corporation,

    Plaintiffs,

v.

GIARMARCO, MULLINS & HORTON, P.C.
A Michigan Professional Corporation; DENNIS
M. RAUSS, and SCOTT J. PUGLIESE,

    Defendants.

Case No. 2:11-cv-14486
The Honorable Robert H. Cleland

| SHEA, AIELLO, DOXSIE & PETZ, PLLC | MADDIN, HAUSER, WARTELL, ROTH & HELLER, P.C. |
|---|---|
| Attorneys for Plaintiff | Attorneys for Defendants Dennis M. Rauss and Giarmarco, Mullins & Horton, P.C. |
| David J. Shea (P41399) | |
| Frank T. Aiello (P41573) | |
| Brian C. Grant (P71066) | Harvey R. Heller (P27351) |
| 26200 American Drive, 3rd Floor | Kathleen H. Klaus (P67207) |
| Southfield, Michigan  48034 | 28400 Northwestern Highway, 3rd Floor |
| (248) 254-0224 | Southfield, Michigan  48034 |
| | (248) 359-7560 |

**PROTECTIVE ORDER**

This matter having come before the Court on the stipulation of the parties and nonparty Schostak Brothers and Company ("Schostak"), and the Court being advised in the premises,

IT IS ORDERED THAT this Order governs the disclosure, use, handling, and disposition of information produced by Schostak ("Covered Information") in response to a subpoena issued in this action (the "Action"), and shall apply to the parties and their officers, directors, employees, agents, representatives, and attorneys, and to any other person to whom the disclosure of Covered Information is permitted under the terms of this Order.

    1.    <u>Use of Covered Information.</u>  Covered Information shall be used by receiving persons only in connection with the Action and for no other purpose.  In particular, Covered

Information shall not be used by any receiving person in any other legal action, proceeding or investigation, or for any publicity, press release, educational program, marketing, research, analysis, bidding, or hiring.

2.  <u>Persons to Whom Covered Information May Be Disclosed.</u>  Except as otherwise provided by this Order, Covered Information may only be disclosed by a receiving party to:

(a)  Counsel for any party to the Action participating in the prosecution or defense of the Action, and their partners, associates, legal assistants, secretaries, and employees to the extent reasonably necessary to render professional services in the Action;

(b)  Any person who authored or previously received the Covered Information;

(c)  Current members, officers, directors, employees, or managing agents of a party to the Action;

(d)  Any court reporter or videographer transcribing testimony at a deposition taken in the Action;

(e)  The Court, including any judge, magistrate, special master, mediator, court reporter or other court personnel assigned, appointed, or retained in connection with the Action;

(f)  Outside vendors retained by a party or its counsel to provide litigation support services, such as the creation or management of databases, document imaging, or photocopying.

(g)  Consulting or testifying experts and their agents retained by the parties or their respective counsel of record in connection with the Action.

(h)  Any person designated by the Court or the parties, such as a master, mediator, arbitrator, or facilitator in the Action.

3.  <u>Court Filings</u>:  If any person subject to this Order desires to file with the Court any Covered Information, they must first seek leave from the Court to have the information,

documents or thing filed under seal.  This Order does not authorize the filing of any documents under seal.  Documents shall only be sealed if authorized by statute or order of the Court.

4. <u>Nonparty Subpoenas and Orders.</u>  To the extent production of Covered Information in the possession of a receiving party or permitted recipient is compelled by a subpoena or order of any court, administrative agency, legislative body, or any other person, the person to whom the subpoena or order is directed shall (a) immediately provide a copy of the subpoena or order to counsel for Schostak by email and either by hand or overnight courier, (b) notify the subpoenaing or ordering court, person or entity of the existence of this Order, and (c) to the full extent permitted by law, withhold production until Schostak has had an opportunity to review and, if it deems appropriate, contest the disclosure, including requesting an extension of time to contest the disclosure if disclosure is due in less than ten (10) business days after notification.

5. <u>Unauthorized Disclosure.</u>  In the event of an unauthorized disclosure of Covered Information by a receiving party, the party responsible for the unauthorized disclosure shall immediately (a) use its best efforts to retrieve the information and (b) inform Schostak.  Nothing in this paragraph shall limit the right of Schostak to seek appropriate remedies or sanctions against the party responsible for the unauthorized disclosure.

6. <u>Disposition of Covered Information Upon Termination of Lawsuit.</u>  Within 90 days after termination of the Action and exhaustion of all appeals or expiration of the time for appeals, each party who received of documents or other tangible materials containing Covered Information shall either destroy the documents and materials or return them to Schostak.  Notwithstanding the foregoing, counsel of record may retain in their files copies of documents and material containing Covered Information.

7. <u>Continuing Jurisdiction of the Court.</u>  This Order shall survive termination of the Action, and shall continue in full force and effect, without limitation in time, subject to further order of this Court.  Furthermore, this Court shall retain jurisdiction over the parties to the extent necessary to enforce this Order.

ENTERED this 31st day of   July, 2012.

<u>S/Robert H. Cleland</u><br>
Hon. Robert H. Cleland

**SO STIPULATED**:

| | |
|---|---|
| SHEA, AIELLO, DOXSIE & PETZ, PLLC<br>Attorneys for Plaintiff | MADDIN, HAUSER, WARTELL, ROTH & HELLER, P.C.<br>Attorneys For Defendants Dennis M. Rauss And Giarmarco, Mullins & Horton, P.C. |
| By:  s/Frank T. Aiello_____<br>     David J. Shea (P41399)<br>     Frank T. Aiello (P41573)<br>     Brian C. Grant (P71066)<br>     26200 American Drive, 3rd Floor<br>     Southfield, MI  48034<br>     (248) 354-0224 | By:  s/with consent of Kathleen H. Klaus_____<br>     Harvey R. Heller (P27351)<br>     Kathleen H. Klaus (P67207)<br>     28400 Northwestern Highway, 3rd Floor<br>     Southfield, Michigan  48034<br>     (248) 359-7560 |
| | HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>Attorneys for Third Party Schostak Brothers & Company. |
| | By:  s/with consent of Bruce L. Segal_____<br>     Bruce L. Segal (P36703)<br>     39400 Woodward Avenue<br>     Suite 101<br>     Bloomfield Hills, MI 48304-5151<br>     (248) 566-8482 |

11132891.1