**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RELIANCE MEDIAWORKS (USA) INC.,

    Plaintiff,

v.                                                      Case No. 11-14486

GIARMARCO, MULLINS &
HORTON, P.C., et al.,

    Defendants.
                                                /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION AND GRANTING SUMMARY JUDGMENT**

Reliance Mediaworks (USA) Inc. ("Adlabs") sues Giarmarco, Mullins & Horton, P.C., and two of its attorneys (together, "GMH") for legal malpractice and breach of fiduciary duty. A November 27, 2012, order granted GMH's motion for summary judgment on the malpractice claim and directed the parties to brief the fiduciary duty claim. GMH submitted a supplemental brief; Adlabs submitted both a supplemental brief and a motion for reconsideration of the November 27 order. Adlabs's motion contends that the court erred by granting summary judgment before Adlabs was able to conduct sufficient discovery. Neither a hearing nor further briefing is needed. *See* E.D. Mich. LR 7.1(h)(2). Because Adlabs failed to comply with Federal Rule of Civil Procedure 56(d), the motion for reconsideration will be denied; and, because Adlabs fails to present a separate claim for breach of fiduciary duty, summary judgment will be granted.

A successful motion for reconsideration identifies a "palpable error" in the order

the motion challenges.  E.D. Mich. LR 7.1(h)(3).  To show that the court erred by granting summary judgment before the end of discovery, Adlabs must address Rule 56(d), which requires a party not ready to oppose summary judgment to state "specified reasons" why "it cannot present facts essential to justify its opposition[.]"  Fed. R. Civ. P. 56(d); *cf. Caretolive v. FDA*, 631 F.3d 336, 344 (6th Cir. 2011) (explaining that the old Rule 56(f) recently became the current Rule 56(d)).

Adlabs contends that Rule 56(d) does not apply.  For its argument in support of that position, however, Adlabs merely block-quotes two inapplicable cases, *White Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229 (6th Cir. 1994), and *Abercrombie & Fitch, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619 (6th Cir. 2002).  This practice has failed Adlabs before,[1] and it fails Adlabs now.  *Buchholzer* reversed "[a] grant of summary judgment, absent *any* opportunity for discovery[.]"  29 F.3d at 232.  Unlike the party in *Buchholzer*, Adlabs enjoyed several months of discovery.  *See Alliant Tax Credit Fund 31-A, Ltd. v. Murphy*, 2012 WL 3519463 (6th Cir. Aug. 15, 2012) (declining to apply *Buchholzer* because discovery occurred); *Short v. Oaks Correctional Facility*, 129 F. App'x 278, 282-83 (6th Cir. 2005) (declining to apply *Buchholzer* because the movant failed to comply with then-Rule 56(f)).  *Abercrombie & Fitch*, meanwhile, says merely that a party may present a Rule 56(d) issue on appeal if the party raised the issue to the trial court.  280 F.3d at 627-28.

Professor Moore summarizes the correct rule:

---

[1] (*See* Nov. 27, 2012, Order 14-15, Dkt. # 32 ("No [analysis] appears.  Rather, Adlabs offers a few quotes . . . . [The] quotes fail to address what matters.").)

> [Among other things, a party seeking relief under Rule 56(d)] must identify the facts [the party] seeks to discover and that are essential to its opposition to the summary judgment motion. Specific facts sought must be identified. Mere speculation that there is some relevant evidence not yet discovered will never suffice.

11 Moore, et al., *Moore's Federal Practice* § 56.102[2] (2012). The Sixth Circuit has stated this rule often. *See, e.g.*, *Caretolive*, 631 F.3d at 344-45 (6th Cir. 2011); *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009); *United States v. Dairy Farmers of Am., Inc.*, 426 F.3d 850, 863 (6th Cir. 2005); *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004); *United States v. One Harrington & Richardson Rifle*, 378 F.3d 533, 535 (6th Cir. 2004); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000); *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999).

Adlabs never identified specific, material facts it sought to discover. First, in its opposition to summary judgment, Adlabs stated that it needed more discovery to fill "an evidentiary void" in its claim that GMH, while representing Adlabs, should have pleaded fraud with particularity. (Dkt. # 26 at 5-6.) Identifying the location of an "evidentiary void" differs from stating specific facts that might fill the void. Second, Adlabs stated that GMH should have raised a "failure to mitigate" defense because the plaintiff in the action against Adlabs "declined to enter into a lease with an available alternative tenant." (*Id.* at 6.) Without more, this speculation indicated only that Adlabs was (again (*see* Nov. 27, 2012, Order 9-11)) willing to assert a claim before it knew of facts supporting the claim. The burden was on Adlabs to elucidate. Finally, Adlabs submitted a motion to extend discovery, which listed upcoming depositions; but the motion never said what facts Adlabs expected the depositions to reveal. *Cf. Everson*,

556 F.3d at 493 (affirming the district court's denial of a then-Rule 56(f) motion that promised merely the taking of more depositions).

Adlabs's request for more discovery appears in the middle of a section entitled, in part, "[T]he Evidence Now Available . . . Establishes a Jury-Submissible Claim of Legal Malpractice." (Dkt. # 26 at 18.) Throughout its response to the motion for summary judgment, Adlabs presented its case with great (though misplaced) confidence, and its case received close judicial attention. Rule 56(d) prohibits what Adlabs now seeks—a second major expenditure of judicial time and resources.

The November 27 order invites each party to submit a brief of up to ten pages addressing whether the fiduciary duty claim can proceed despite Adlabs's failure to show proximate cause or damages for its malpractice claim. For the most part, Adlabs declines this invitation. After asserting for half a page, with citation to authority but without explanation, that a fiduciary duty claim differs from a malpractice claim, Adlabs uses nine pages to repeat its argument for reconsideration of the malpractice claim. Adlabs never addresses the issue raised by the November 27 order, specifically whether Adlabs's fiduciary duty and malpractice claims are governed by different standards of causation and damages.[2] (*See* Nov. 27, 2012, Order 14-15.).

---

[2] A review of the cases Adlabs cites reveals that "the conduct required to constitute a breach of fiduciary duty requires a more culpable state of mind than the negligence required for malpractice." *Prentis Family Found. v. Barbara Ann Karmanos Cancer Inst.*, 698 N.W.2d 900, 908 (Mich. Ct. App. 2005). However, Adlabs's supplemental brief, largely a copy of the motion for reconsideration, argues merely that GMH acted negligently. And in any event, Adlabs needed to discuss causation and damages, not the standard of conduct.

4

When asserting a claim for breach of fiduciary duty, the amended complaint lists the errors GMH allegedly committed while representing Adlabs. The amended complaint then states that GMH's conduct "falls outside the standard of care for attorneys and proximately caused [Adlabs's] damages." (Dkt. # 4 at 25.) At no point during this action has Adlabs treated the breach of fiduciary duty claim as something other than a replica of the malpractice claim. *See Barnard v. Dilley*, 350 N.W.2d 887, 888 (Mich. Ct. App. 1984) ("[The plaintiff's] claim is that damages flowed . . . from [the defendant's] failure to represent [the plaintiff] adequately. This is a claim grounded on malpractice and malpractice only.") Therefore, because Adlabs failed to show proximate cause or damages for the malpractice claim, Adlabs's fiduciary duty claim fails as well. Accordingly,

IT IS ORDERED that Adlabs's motion for reconsideration [Dkt. # 35] is DENIED.

IT IS FURTHER ORDERED that summary judgment is granted in favor of GMH on the claim for breach of fiduciary duty. A separate judgment will issue.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 27, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 27, 2012, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-14486.ADLABS.MotRecon.ckb.RHC.wpd